Matter of Coalition for Fairness in Soho & Noho, Inc. v City of New York (2024 NY Slip Op 06118)

Matter of Coalition for Fairness in Soho & Noho, Inc. v City of New York

2024 NY Slip Op 06118

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 151255/22 Appeal No. 3178 Case No. 2023-05338 

[*1]In the Matter of The Coalition for Fairness in Soho and Noho, Inc., et al., Petitioners-Appellants,
v
City of New York, et al., Respondents-Respondents.

Law Offices of Jack L. Lester, East Hampton (Jack L. Lester of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Erika M. Edwards, J.), entered October 9, 2023, to the extent appealed from as limited by the briefs, denying the petition for a judgment declaring that the December 15, 2021 amendment to the NY City Zoning Resolution (ZR) inflicts an unconstitutional taking of property without just compensation to the extent it requires payment of a nonrefundable contribution to the SoHo-NoHo Arts Fund (Arts Fund) as a precondition to homeowners filing for a permit to convert joint living-work quarters for artists (JLWQA) to unlimited residential use, and to enjoin the enforcement thereof, and dismissing this hybrid proceeding brought pursuant to CPLR articles 30, 63, and 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and it is declared that the portion of ZR § 143-13 requiring payments to the Arts Fund is unconstitutional, and respondents (City) enjoined from enforcing that portion of the ZR.
The ZR amendment passed by the City, in establishing the Special SoHo-NoHo Mixed Use District (SNX District), provides current JLWQA unit owners a pathway to convert uses but also requires them, if and when they seek conversion, to contribute "$100.00 per square foot of floor area to be converted" to the Arts Fund, with annual increases (ZR § 143-13). "[T]he payment of such non-refundable contribution shall be a precondition to filing for or issuing of any building permit allowing the conversion [of] a joint living-work quarters for artists to a residence" (ZR § 143-13).
The Arts Fund fee constitutes a permit condition for which the "two-part test modeled on the unconstitutional conditions doctrine" applies (see Sheetz v County of El Dorado , 601 US 267, 270-271, 274-276 [2024]). Thus, the permit condition "must have an 'essential nexus' to the government's land-use interest," which "ensures that the government is acting to further its stated purpose" (Sheetz , 601 US at 275, quoting Nollan v California Coastal Commn. , 483 US 825, 837 [1987]), and the condition "must have 'rough proportionality' to the development's impact on the land-use interest" (Sheetz , 601 US at 275-276, quoting Dolan v City of Tigard , 512 US 374, 391 [1994]).
In applying the two-part test, we find that petitioners are entitled to a declaration that the Arts Fund fee requirement constitutes a taking without just compensation (US Const Amend V; NY Const art I, § 7[a]). First, the City fails to identify an essential nexus to its land use interest (Sheetz , 601 US at 275, quoting Nollan , 483 US at 837). Respondent Department of City Planning (DCP) described the JLWQA use restrictions as "outdated" and expressed the goals of allowing "a broad range of residential, community facility, commercial, and light manufacturing uses as of right" in the SNX District, previously zoned industrial, and of complying with federal, state, and local fair housing laws. The ZR's prohibition on new JLWQA units[*2], coupled with this stated goal of broadening uses and the ZR text providing for conversions away from JLWQA use, further indicates that the City's long-term land use goal is to phase out JLWQA units (see ZR § 143-13). By contrast, the City's asserted goal in its arguments on appeal, of supporting art and local artists, is not related to any land use interest (see Nollan , 483 US at 837). Nor does payment into the Arts Fund promote the asserted legitimate end of preserving JLWQA stock for certified artists, as the Arts Fund does not pay for joint living-work units or other housing for artists, much less offer benefits specifically to certified artists. Instead, money from the Arts Fund "shall be allocated . . . to support arts programming, projects, organizations, and facilities that promote the public presence of the arts within the [SNX] District and surrounding neighborhoods," with priority given to "under-resourced organizations and under-served areas" (ZR § 143-02).
The City also fails to demonstrate rough proportionality, since there is no evidence of negative impacts on certified artists arising from the changes in zoning (see Sheetz , 601 US at 275-276, citing Dolan , 512 US at 391). Instead, DCP represented during the approval process that there was a "scarcity of certified artists able to purchase" JLWQA units, due to an ever-decreasing number of annual artist certifications the previous decades. As such, the conversion of units imposes no
increased costs to the artistic community.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024